■ In the Matter of IRWIN NATHAN et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [883 NYS2d 367]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioner's request for a refund of personal income tax.

In April 2000, petitioners moved from California to Mount Sinai, Suffolk County. They filed a New York income tax return for 2000 as part-year residents, but reported only a portion of

petitioner Irwin Nathan's individual retirement account (hereinafter IRA) distributions for that year—those received while petitioners were residents of New York—and therefore only a portion of their federal adjusted gross income, although they were required to report the entire amounts as listed on their federal tax return. Using the figures that they reported, petitioners calculated their New York income tax as $810. The Internal Revenue Service, however, informed the Division of Taxation that petitioners' federal tax return indicated substantially larger figures with respect to the IRA distributions and petitioners' federal adjusted gross income. Accordingly, the Division issued a statement of proposed audit changes informing petitioners that, based on the figures provided in their federal tax return, they owed $3,519.57 in income tax, plus interest. Petitioners had accurately reported their income attributable to New York sources and the Division did not alter that figure in recalculating petitioners' income tax.

After paying the assessment, petitioners filed a claim for credit or refund, asserting that IRA distributions received in 2000 while they were nonresidents were improperly taxed. The Division denied petitioners' claim. Both an Administrative Law Judge and respondent Tax Appeals Tribunal rejected petitioners' claim as well, prompting petitioners to commence this proceeding.

Pursuant to Tax Law § 601 (e) (1), the personal income tax liability of part-year residents is calculated by multiplying the "tax base"—the amount of tax that they would be required to pay if they were full-year residents (*see* Tax Law § 601 [e] [2])—by the "New York source fraction." The "New York source fraction" has as its numerator a part-year resident's "New York source income" and as its denominator the part-year resident's "New York adjusted gross income" (Tax Law § 601 [e] [3]), which is the taxpayer's federal adjusted gross income with some modifications (*see* Tax Law § 612).

The crux of the current dispute is that the calculation made by the Division used petitioners' entire year 2000 income—particularly, all of the year 2000 IRA distributions—in determining the *rate* at which their New York source income would be taxed. They contend that the personal income tax calculation for part-year residents set forth in the Tax Law violates 4 USC § 114, which prohibits states from "impos[ing] an income tax on any retirement income of an individual who is not a resident or domiciliary of such [s]tate (as determined under the laws of such [s]tate)" (4 USC § 114 [a]), and is unconstitutional. In effect, petitioners argue that New York impermissibly taxed their

income when they lived out of state. However, it is well settled that "[s]tates may refer to nontaxable out-of-[s]tate assets in setting their rates for taxable assets" (*Brady v State of New York*, 80 NY2d 596, 603 [1992]; *see Great Atl. & Pac. Tea Co. v Grosjean*, 301 US 412, 424-425 [1937]; *Maxwell v Bugbee*, 250 US 525, 535 [1919]; *United States v State of Kan.*, 810 F2d 935, 938 [10th Cir 1987]; *Matter of Disney Enters., Inc. v Tax Appeals Trib. of State of N.Y.*, 10 NY3d 392, 400-401 [2008]). New York did not impose tax on petitioners' out-of-state income. Rather, their out-of-state income was used in determining the applicable tax rate. Such a computation methodology is merely consistent with "[a] system of progressive taxation [that] apportions the tax burden based on ability to pay . . . [and] does not implicate the State or Federal Constitution so long as the rates are applied, as here, in a nondiscriminatory manner and only to taxable New York income" (*Brady v State of New York*, 80 NY2d at 605).

Spain, J.P., Kane, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.